IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jon Leslie Howe II,   #07062821, ) | C/A NO. 0:07-3959-CMC-MCIV |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Berkeley County Detention Center; Lt. Tony Riley, ) | |
| Capt. Barry Curry; and Sgt. Rosemary Sanders, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983 alleging a variety of claims relating to the conditions of his confinement.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation. However, this court retains the authority to withdraw the reference and proceed to consider Defendants' motion for summary judgment without a Report and Recommendation from a Magistrate Judge. Therefore, this court hereby withdraws the reference to a Magistrate Judge and proceeds to consider Defendants' summary judgment motion. For the reasons stated below, the court **grants** Defendants' motion for summary judgment.

### SUMMARY JUDGMENT STANDARD

Defendants filed a motion for summary judgment on May 6, 2008, to which Plaintiff responded on July 28, 2008.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns "material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

**FACTS**

Plaintiff makes a variety of complaints regarding the conditions of confinement at the Berkeley County Detention Center (BCDC).[1] Plaintiff maintains that he was assaulted by Officer NFN Burkholder on September 6, 2007. Plaintiff also asserts that he was exposed to "malpractice" by medical personnel, who did not provide him adequate care for what he contends was a swollen lymph node in his chest. Plaintiff seeks $10,000,000 in damages and the firing of Officer Burkholder.

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Under the Prison Litigation Reform Act of 1995 (PLRA), as amended, prisoners must exhaust "such administrative remedies as are available" prior to filing suit in federal court challenging prison conditions. 42 U.S.C.A. § 1997e(a). The PLRA does not define the term "available," but courts have generally afforded it its common meaning. Therefore, an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was

---

[1] The BCDC is now known as the Hill Finklea Detention Center."

prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81 126 S.Ct. 2378, 2385 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id*. at 2384. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Failure to exhaust administrative remedies is an affirmative defense. Lieutentant Tony Riley attests that Plaintiff was aware of the formal grievance procedure at Berkeley County Detention Center, and that a review of records indicates that Plaintiff has not availed himself of the available grievance procedure. Aff. of Lieutenant Tony Riley at ¶¶ 6,7 (Dkt. # 47-3, filed May 6, 2008).

### CONCLUSION

Plaintiff's complaint is defective for failure to exhaust administrative remedies. However, even if Plaintiff were to properly exhaust his administrative remedies and return to this court, he cannot overcome Defendants' motion for summary judgment. Therefore, for the reasons stated by Defendants in their memorandum in support of the motion for summary judgment, with which this court agrees, Defendants' motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 15, 2008

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\~7382199.wpd